UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                   :

**ENZO RIVERS**,

                          Plaintiff,

                    – against –

**#1 JOHN DOE; JUDGE HERBERT MOSS;
DISTRICT ATTORNEY ERIC GONZALEZ**,

                      Defendants.

**MEMORANDUM DECISION AND ORDER**

25-CV-3130 (AMD) (MMH)

--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On May 21, 2025, the *pro se* plaintiff, currently in custody at the North Infirmary Command on Rikers Island, brought this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. (ECF No. 1.) On June 5, 2025, the case was transferred to this Court. (ECF No. 5.) As explained below, the plaintiff's request to proceed *in forma pauperis* (ECF No. 8) is granted for purposes of this order, and his complaint is dismissed.

## BACKGROUND

This is the plaintiff's third complaint about a 2024 incident at a public benefits office in downtown Brooklyn that led to the plaintiff's arrest and prosecution.[1] The plaintiff alleges that he was the victim of a "hate crime" while he was waiting in line for SNAP benefits. (ECF No. 1 at 4.) A "young white supremacy []member" "shout[ed] out . . . racial remarks . . . at every black person." (*Id.*) This person "proceeded to strike" at the plaintiff and "show[ed]" the plaintiff a

---

[1] The Court dismissed the plaintiff's other complaints. *See Rivers v. John Doe Alleged KKK Victim*, No. 25-CV-216; *Rivers v. Alleged Victim in the Criminal Case in Brooklyn Superior Court*, No. 25-CV-377.

knife, causing the plaintiff to fall to the ground, injuring his head, arm, shoulder and back. (*Id.* at 5.) The plaintiff's injuries continue to cause him pain, which he has continuously reported to the doctor at Rikers Island since his arrival. (*Id.*)

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the John Doe assailant, and although they are not otherwise mentioned in the complaint, the plaintiff also names Judge Herbert Moss and District Attorney Eric Gonzalez as defendants. (*Id.* at 3.)[2] The plaintiff seeks $200,000 in damages. (*Id.* at 5.)

## LEGAL STANDARD

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Complaints filed by pro se plaintiffs are held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, the Court must construe a pro se plaintiff's complaint liberally and interpret it as raising the strongest arguments it suggests. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

A court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; see also 28 U.S.C. § 1915(e)(2)(B) (setting forth the same standard for plaintiffs proceeding *in forma pauperis*).

---

[2] The plaintiff's complaint named only John Doe defendants, but the plaintiff identified Judge Moss and District Attorney Gonzalez as defendants on July 15, 2025. (ECF No. 11.)

## DISCUSSION

Section 1983 requires the plaintiff to allege that "the conduct complained of . . . [was] committed by a person acting under color of state law," and "deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."). To state a § 1983 claim, a plaintiff must allege: "(1) that the challenged conduct was 'committed by a person acting under color of state law'; and (2) that such conduct 'deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Gazzola v. Cnty. of Nassau*, No. 16-CV-909, 2016 WL 6068138, at *4 (E.D.N.Y. Oct. 13, 2016) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

"In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). "[A] private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents,'" which requires that the private actor and the state "share some common goal to violate the plaintiff's rights." *Betts v. Shearman*, 751 F.3d 78, 84–85 (2d Cir. 2014) (quoting *Ciambriello*, 292 F.3d at 324). The plaintiff does not allege that John Doe was a state actor or that he acted in concert with a state actor. Accordingly, the plaintiff cannot state a § 1983 claim against John Doe.

Nor has the plaintiff stated a claim against Judge Moses or District Attorney Gonzalez. He makes no allegations against them in the complaint. In any event, Judge Moses and District

3

Attorney Gonzalez have immunity from this Section 1983 claim for money damages.  "It is . . . well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Walker v. NYS Just. Ctr. for Prot. of People with Special Needs*, 493 F. Supp. 3d 239, 248 (S.D.N.Y. 2020) ("Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities.").  Indeed, "even allegations of bad faith or malice cannot overcome judicial immunity."  *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).  The Eleventh Amendment also bars a suit for money damages against District Attorney Gonzalez because he was acting in his official capacity.  *See Sharp v. Morgenthau*, No. 08-CV-5919, 2010 WL 339767, at *4 (S.D.N.Y. Jan. 25, 2010) ("[A] suit for money damages against a district attorney or his or her assistant district attorneys, in their official capacities, is actually a suit against New York State, and is barred by the Eleventh Amendment.").  Accordingly, District Attorney Gonzalez and Judge Moses are immune from suit, and the plaintiff's claims against them are dismissed pursuant to 28 U.S.C. §1915A.

## CONCLUSION

The plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim and because it seeks monetary relief against defendants who are immune from suit.  28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b).  In light of the Second Circuit's guidance that a *pro se* complaint should not be dismissed without leave to amend unless amendment would be futile, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  Because the defects in the plaintiff's claims are substantive and would not be cured if allowed to amend, and because the plaintiff has filed several

complaints based on the same events, leave to amend the complaint is denied. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.") (citations omitted) (cleaned up).

The Clerk of Court is respectfully directed to enter judgment dismissing the action, mail a copy of this Memorandum Decision and Order and judgment to the plaintiff, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                             s/Ann M. Donnelly
                                             ANN M. DONNELLY
                                             United States District Judge

Dated: Brooklyn, New York
        July 18, 2025